United States District Court
Southern District of Texas
**ENTERED**
August 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE DE LA NEUZ AVILA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4388 |
| | § | |
| TODD BLANCHE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are Jose De La Neuz Avila's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition") (Docket Entry No. 1) and The Federal Respondents' Motion to Dismiss and for Summary Judgment ("Respondents' MTD") (Docket Entry No. 5). For the reasons explained below, Respondents' MTD will be granted and Petitioner's Habeas Petition will be dismissed.

## I.   Background

Petitioner was paroled into the United States from Cuba in 1980.[1] In June of 2008 an immigration judge ordered Petitioner removed from the United States to Cuba.[2] In November of 2008 Petitioner was released on an order of supervision.[3] On March 5, 2026, Respondents revoked

---

[1] Respondents' MTD, Docket Entry No. 5, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Id. at 2.

[3] Id.

Petitioner's order of supervision and re-detained him to effectuate his removal.[4]  He was provided a notice of revocation and an opportunity to challenge his re-detention.[5]  Petitioner's request to challenge his re-detention was denied on May 9, 2026, because the reviewing official found that he posed a danger to the community and that his removal from the United States was imminent.[6]

Respondents have made several attempts to remove Petitioner.   On April 5, 2026, the Government of Cuba denied removal of Petitioner to Cuba.[7]  On April 27, 2026, Petitioner was served with a Notice of Third Country Removal and Warning for Failure to Depart, which he refused to sign.[8]  On May 13, 2026, Petitioner was rejected by the Government of Mexico for not signing the Notice of Third Country Removal.[9] On June 18, 2026, Petitioner was served with another Notice of Third Country Removal and Warning for Failure to Depart, which he again refused to sign.[10] Respondents are currently pursuing removal efforts through Eagle Pass, Texas, and Petitioner remains in immigration custody.[11]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his prolonged detention violates due process under Zadvydas v. Davis, 121 S. Ct. 2491

---

[4]Id.; Sworn Declaration of Deportation Officer Clifton Hunt ("Hunt Declaration"), Docket Entry No. 6, p. 2 ¶ 14.

[5]Respondents' MTD, Docket Entry No. 5, p. 2.

[6]Id.

[7]Hunt Declaration, Docket Entry No. 6, p. 2 ¶ 15.

[8]Id. ¶ 16.

[9]Id. at 3 ¶ 18.

[10]Id. ¶ 19.

[11]Id. ¶ 20.

(2001), and is arbitrary and capricious under the Administrative Procedure Act ("APA").[12]  Also

pending before the court is Respondents' MTD (Docket Entry No. 5).  Petitioner has filed a reply.[13]

## II.    Analysis

Respondents argue that Petitioner's Habeas Petition should be denied because he failed to

exhaust his administrative remedies and failed to show that his detention violates Zadvydas.[14]

### A.    Petitioner failed to exhaust his administrative remedies.

"In this circuit, petitioners seeking relief under 28 U.S.C. § 2241 generally must exhaust their

administrative remedies before presenting their claims in federal court." Parker v. Sessions, CIVIL

ACTION NO. H-18-2261, 2018 WL 11491450, at *2 (S.D. Tex. July 16, 2018).  In this case, "[t]o

exhaust [the available administrative remedies that were implemented after the Supreme Court's

decision in Zadvydas], an eligible alien must submit a written request for release to the Headquarters

Post-Order Detention Unit ("HQPDU") asserting the basis for the alien's belief that there is no

significant likelihood that the alien will be removed in the reasonably foreseeable future. Id. (citing

8 C.F.R. § 241.13(d)).  "The HQPDU must respond in writing to the alien, acknowledging receipt

---

[12]Memorandum of Law, Exhibit 3 to Habeas Petition, Docket Entry No. 1-3, pp. 26–32 ¶¶ 72–104.  Petitioner asserts that his continued detention violates due process.  Because Petitioner is under a final order of removal, the court will address his general due process claim as part of Petitioner's Zadvydas claim.  To the extent that Petitioner is arguing that his re-detention violates due process, that argument is without merit given that Petitioner received notice of the reasons for the revocation and an opportunity to refute the reasons for the revocation. See 8 C.F.R § 241.13(i); Respondents' MTD, Docket Entry No. 5, p. 4.

[13]Petitioner Reply in Support of His Pending Petition for Writ of Habeas Corpus and Opposition to Respondents' Motion to Dismiss and for Summary Judgment ("Petitioner's Reply"), Docket Entry No. 7.

[14]Respondents' MTD, Docket Entry No. 5, pp. 3–4, 5–6.

of the request for a review of his continued detention." Id. (citing 8 C.F.R. § 241.13(e)(1)). "Thereafter, the HQPDU shall issue a written decision based on the administrative record, including any documentation supplied by the alien, regarding whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances." Id. (citing 8 C.F.R. § 241.13(g)).

Petitioner does not allege or show that he submitted a written request for release to the HQPDU nor does he allege or show that there has been any administrative determination on the status of the agency's removal efforts. The court therefore concludes that Petitioner has failed to exhaust his administrative remedies.

**B.      Petitioner has failed to show this his detention violates Zadvydas.**

Even if Petitioner was not required to exhaust his administrative remedies before presenting his claims in federal court, his reliance on Zadvydas is unavailing. Since Petitioner was detained on March 5, 2026, he has not been in ICE custody for longer than six months. Petitioner concedes this fact in his Reply.[15]

"Because [Petitioner] has not been in custody past the presumptively reasonable period outlined in Zadvydas, he does not demonstrate that his detention violates the Constitution and he does not state an actionable claim for relief." Parker, 2018 WL 11491450, at *1.

Moreover, even if Petitioner has been detained for more than six months, his detention does not violate due process under Zadvydas because the record establishes that his detention is authorized under § 1231 (a)(1)(C). Although the Zadvydas Court held that post-removal-period

---

[15]Petitioner's Reply, Docket Entry No. 7, p. 10 ("Petitioner's detention has not yet exceeded the six-month presumptively reasonable period recognized in Zadvydas.").

detention that extended beyond six months would be considered presumptively unconstitutional, "[t]he removal period may be extended if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal." Chande v. Kelly, Civil Action No. 4:17-CV-2025, 2018 WL 9414292, at *2 (S.D. Tex. May 10, 2018) (citing 8 U.S.C. § 1231(a)(1)(C)). Petitioner's actions are preventing his removal. Petitioner refused to sign a Notice of Third Country Removal and Warning for Failure to Depart on two separate dates.[16] His failure to sign the Notice resulted in the Government of Mexico rejecting him at the Nogales, Arizona, port of entry on May 13, 2026.[17]

**C.   Petitioner's APA claim is foreclosed as a matter of law.**

As explained in Jimenez v. Bradford, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026) (Memorandum Opinion and Order, Docket Entry No. 19, pp. 5-6 ¶ C), because Petitioner is able to challenge his detention by filing a writ of habeas corpus, he is not entitled to relief under the APA. See 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.") (emphasis added).

### III.   Conclusion and Order

For the reasons explained above, The Federal Respondents' Motion to Dismiss and for Summary Judgment (Docket Entry No. 5) is **GRANTED**, and Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE**.

---

[16]Hunt Declaration, Docket Entry No. 6, p. 2 ¶ 16, p. 3 ¶ 19.

[17]Id. at 3 ¶¶ 16-18.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this the 10th day of August, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE